UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STEVEN DONALDSON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 1:14-cv-01979-LJM-TAB ) |
| LVNV FUNDING, LLC, | ) ) |
| Defendant. | ) |

## ORDER ON MOTION TO DISMISS

In this case, Plaintiff Steven Donaldson ("Donaldson") alleges that Defendant LVNV Funding, LLC ("LVNV"), violated the Fair Debt Collection Practices Act ("FDCPA") when it filed a proof of claim in Donaldson's bankruptcy proceedings on debts for which the statute of limitations had expired. Dkt. No. 1, Compl. ¶¶ 22-31. LVNV asserts that "[t]he weight of authority nationwide and the very rationale underlying the Bankruptcy Code and related Bankruptcy Rules overwhelmingly support the conclusion that [Donaldson] has no actionable claim," and this action should be dismissed with prejudice. Dkt. No. 13 at 1. LVNV also asserts that Donaldson has suffered no damages; therefore he has no standing. *Id.* at 3-5. Donaldson argues that Seventh Circuit precedent as well as other cases decided in this district dictate otherwise.

For the reasons stated herein, the Court **GRANTS** LVNV's Motion to Dismiss.

## I. FACTUAL BACKGROUND

The facts as alleged in the Complaint, attachments thereto, or the public record are these:

LVNV is a debt buyer that regularly purchases delinquent debts, then attempts to collect those debts. Compl. ¶ 5. LVNV is a debt collector as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6). Compl. ¶ 6.

LVNV purchased Donaldson's Premier Bankcard, Inc. ("Premier account") and his Capital One Bank (USA), N.A. ("Capital One account") debts (collectively, the "debts"). Compl. ¶ 7. The last payment made on the Premier account was on November 7, 2005. Dkt. No. 1-3. The last payment on the Capital One account was on November 7, 2005. Dkt. No. 1-4. In its capacity as a third-party debt collector, LVNV attempted to collect the debts from Donaldson. Compl. ¶ 8.

Indiana Code § 34-11-2-7 provides that actions on accounts "must be commenced within six (6) years after the cause of action accrues." Ind. Code § 34-11-2-7. Therefore, the last possible date that LVNV's cause of action accrued against Donaldson for the debts was November 7, 2005. Compl. ¶¶ 17-18. The statute of limitations on the debts expired on November 7, 2011. Compl. ¶ 19.

On August 7, 2013, Donaldson filed a Chapter 13 Bankruptcy petition in the United States Bankruptcy Court for the Southern District of Indiana ("Bankruptcy Court"), Cause No. 13-08441-JMC-13 (the "Bankruptcy petition"). Dkt. No. 1-1. The debts were incurred prior to the filing of the Bankruptcy petition and the debts were listed as unsecured on the schedules thereto. Dkt. No. 1-2.

LVNV received notice of Donaldson's Bankruptcy petition. Compl. ¶ 11.

In accordance with the rules in the Bankruptcy Court, on December 6, 2013, LVNV filed proofs of claims with regard to both the Premier account and the Capital One account. Dkt. Nos. 1-3 & 1-4.

Donaldson alleges that by filing proofs of claims for the debts, LVNV improperly made a "false representation of the character, amount, or legal status . . ." of the debts, threatened "to take [an] action that cannot legally be taken," and used "false representation or deceptive means to collect or attempt to collect" the debts because the debts were not legally enforceable. Compl. ¶¶ 22-28. Such actions would violate 15 U.S.C. §§ 1692e(2)(A), 1692e(5) and 1692e(10), respectively. Compl. ¶¶ 22-28. Further, Donaldson asserts that by filing proofs of claims for the debts, LVNV used an "unfair or unconscionable means to collect or attempt to collect" them; which would violate 15 U.S.C. § 1692f. Compl. ¶¶ 29-31.

Donaldson never filed an objection to LVNV's proofs of claims in the bankruptcy proceeding. *See, generally*, *Steven Donaldson*, Cause No. 13-08441-JMC-13 (Bankr. S.D. Ind.).

### III. **DISCUSSION**

#### A. STANDING

The Court must address LVNV's standing argument first because it is a subject matter issue. *See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 131 S.Ct. 1197, 1202, 179 L.Ed.2d 159 (2011) (stating that "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction"). LVNV argues that Donaldson lacks standing because he did not allege any injury caused by LVNV's alleged violation of the FDCPA. Dkt. No. 13 at 3-4. Further, Donaldson did not object to LVNV's proofs of claims in the Bankruptcy Court, which evidences the lack of harm. *Id.* at 4. LVNV also asserts that the proofs of claims were not statements made to Donaldson, the consumer; therefore, the FDCPA does not apply. *Id.* at 4-5.

Donaldson asserts that he need not make any allegations of actual injury to have standing to bring suit because he seeks statutory damages, which are within the Court's discretion to award up to a statutory cap. Dkt. No. 18, at 8. Donaldson makes no argument regarding whether or not LVNV's statements can be construed as being made to a consumer as required by the FDCPA with respect to standing although he does make an argument on the merits as to this assertion.

The Court agrees with Donaldson that the lack of actual injury does not preclude him from recovering statutory damages under the FDCPA; therefore, for purposes of the standing inquiry, it is not dispositive and Donaldson has standing. *See Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076, 1083 (7th Cir. 2013). Regarding the issue of whether or not the proofs of claims were statements made to a consumer as to standing, the Court concludes that because Donaldson's Bankruptcy petition was filed pursuant to Chapter 13, he is a real party in interest to the Bankruptcy, *see Adair v. Sherman*, 230 F.3d 890, 893 n.1 (7th Cir. 2000), and, as such, statements made in the Bankruptcy could be construed as statements made to him as a consumer. This conclusion should not be construed to address the merits of LVNV's argument that the FDCPA does not apply at all to a proof of claim because the debtor has counsel.

For these reasons, LVNV's motion to dismiss for lack of standing is **DENIED**.

### B. FAILURE TO STATE A CLAIM

Under the Supreme Court's directive in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), to survive LVNV's motion for failure to state a claim upon which relief may be granted, Donaldson must provide the grounds for his entitlement to relief with more than labels, conclusions or a formulaic recitation of the elements of a cause of action. *Id.* at

555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The Court assumes that all the allegations in the Complaint are true, but the "allegations must be enough to raise a right to relief above the speculative level." *Id.* The touchstone is whether the Complaint gives LVNV "fair notice of what the … claim is and the grounds upon which it rests." *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The Court may also consider documents attached to the Complaint and documents referenced in the Complaint, as well as take judicial notice of publicly available documents to decide the motion. *See Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013).

LVNV argues that Donaldson's claims fail as a matter of law because the Bankruptcy Estate is not a consumer; allowance of a claim does not render a claim collectible or enforceable; and the purpose of filing a proof of claim is not to induce payment by the debtor. Dkt. No. 13 at 5-7. Further, LVNV argues that a proof of claim is not misleading to either the trustee or Donaldson's attorney; therefore, his claims fail. *Id.* at 7-8. In addition, LVNV asserts that filing a proof of claim is not analogous to or considered "debt collection," which is the only activity that the FDCPA regulates. *Id.* at 8-11 (collecting cases that distinguish between a proof of claim, defined as a request to participate in the bankruptcy estate; and efforts to collect a debt via a lawsuit or otherwise, which would violate the automatic stay). LVNV also distinguishes *Randolph v. IMBS, Inc.*, 368 F.3d 726 (7th Cir. 2004), claiming that the conduct there did not involve proof of claims, but rather collection activities separate from the bankruptcy proceeding. *Id.* at 11-13. LVNV urges the Court to follow the Second Circuit and several district courts to hold that the FDCPA does not apply to proofs of claims filed in bankruptcy proceedings rather than the Eleventh Circuit and decisions in other cases in this District that conclude such

activity can state a claim. *Id.* at 13-16 (*comparing*, *inter alia*, *Simmons v. Roundup Funding, LLC*, 622 F.3d 93, 95 (2d Cir. 2010); *Baldwin v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark, L.L.C.*, Cause No. 98 C 4280, 1999 WL 284788 (N.D. Ill. Apr. 26, 1999); *with Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1262 (11th Cir. 2014); *Patrick v. PYOD, LLC*, Cause No. 1:14-cv-00539, 2014 WL 4100414-RLY-TAB (S.D. Ind. Aug. 20, 2014)).

In contrast, Donaldson argues that Seventh Circuit precedent, while not directly addressing the issue, is on his side. Specifically, in *Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076 (7th Cir. 2013), the Seventh Circuit ruled that using a civil court system to collect a debt barred by the applicable statute of limitations violates the FDCPA. Dkt. No. 18 at 1. In addition, in *Randolph*, the Seventh Circuit concluded that a violation of the bankruptcy code can violate the FDCPA. *Id.* at 1-2. According to Donaldson, the combined application of *Phillips* and *Randolph* makes it plausible for a proof of claim on an unenforceable debt filed in bankruptcy to also be a violation of the FDCPA. *Id.* at 4-7. Whether he was represented in the bankruptcy by counsel or not, Donaldson asserts that the practice is unfair and takes advantage of the bankruptcy system to collect uncollectable debts, which is a violation of the FDCPA. *Id.* at 10-12. Donaldson also relies upon three decisions in the Southern District of Indiana that conclude the proof of claim filed in a bankruptcy proceeding in those cases could provide the basis for a claim under the FDCPA. *Id.* at 11-12 (citing *Elliott v. Cavalry Investments, LLC*, Cause No. 1:14-cv-01066-JMS-TAB (Jan. 9, 2015); *Patrick*, 2014 WL 4100414; *Smith v. Asset Acceptance, LLC*, 510 B.R. 225 (S.D. Ind. 2013)). In essence, Donaldson suggests that

it is against public policy to allow a debt collector to collect a time-barred debt through a bankruptcy proceeding when it cannot do so through a direct law suit. *Id.* at 13.

The real question, as echoed by several courts that have addressed this issue, is whether or not Donaldson's complaint, which alleges that LVNV filed a proof of claim in a bankruptcy case on a debt subject to a statute of limitations defense, supports a claim for relief under the FDCPA. The Court must start with the language of the FDCPA. The purpose of the FDCPA is to protect consumers from "abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt-collection practices are not competitively disadvantaged, and to promote consistent State action" to afford such protection. 15 U.S.C. § 1692. Section 1692e provides, "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Specific subsections prohibit different conduct, although the list is not meant to limit general application of the rule. *Id.* Specific conduct that is prohibited includes false representation of the character or legal status of a debt, 15 U.S.C. § 1692e(2)(A); "a threat to take any action that cannot legally be taken or that is not intended to be taken," 15 U.S.C. § 1692e(5); and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt . . . ." 15 U.S.C. § 1692e(10). Section 1692f states, "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Like § 1692e, § 1692f lists specific conduct that violates the section, but also states that the list is not intended to "limit[] the general application" of the rule. *Id.* None of the specific conduct listed in § 1692f applies to the situation at bar, therefore, the Court presumes that Donaldson seeks to rely upon the general prohibition therein.

With respect to § 1692e generally, the Court disagrees with LVNV that a proof of claim is not an action to collect a debt. There is simply no other reason for a creditor to file a proof of claim than to collect some money for the debt. True, it is not a suit to collect a debt, but it is an affirmative act taken to procure payment of money owed, which is enough to satisfy this Court that it is an action taken to collect a debt.

Looking at the remainder of the prohibition in § 1692e, a proof of claim on a debt listed on a debtor's bankruptcy schedule that accurately reflects data about the debt, including the date of last payment, is not false, deceptive or misleading on its face. Further, in Donaldson's case, the debts were listed on his schedules as unsecured, which means he was seeking to include them in any discharge that resulted from his bankruptcy. This fact belies any argument or claim Donaldson makes that the information on the proofs of claims, that mirror the debt information from his schedules, were somehow "false, deceptive or misleading."

However, taking the facts in the light most favorable to the Complaint, a proof of claim or statement that money is owed after the statute of limitations has run arguably mischaracterizes the legal status of a debt, which is prohibited by § 1692e(2)(A). But this argument also loses because, at least according to the State of Indiana, a debt that has become uncollectible is not extinguished; the money is still owed and the FDCPA only regulates the remedies available to the debt collector. *See Collection of Old Debts*, Ind. Dept. of Fin. Insts., http://www.in.gov/dfi/2537.htm (last visited Mar. 4, 2015). Specifically, a debt collector may send a factual letter to a debtor about the existence of a stale debt and the amount owed, but it may not threaten legal action to collect on it. *Id.* In other

words, a factual statement that the debt exists and its amount is not a mischaracterization of the legal status of a debt.

Similarly, the Court cannot agree with Donaldson that filing a proof of claim on a stale debt might violate § 1692e(10), which prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt . . . ." A factual, true statement about the existence of a debt and the amount, which is recognized in the debtor's own bankruptcy schedules, is neither false nor deceptive. In truth, the listing of the debt is advantageous to the debtor because it ensures that the accounts will be discharged upon closing of the bankruptcy estate. In addition, such a listing invites the creditor's response since the debt has not been extinguished, it has just become stale by operation of the statute of limitations.

Similarly, turning to § 1692e(5), which prohibits threats to take any action that cannot legally be taken, there is no "threat" in a proof of claim that accurately reflects information about an unsecured debt that the debtor has listed himself on his schedules. It is neither a lawsuit nor a threat of a lawsuit; it's a statement that a debt exists and its amount and there is no prohibition in the Bankruptcy Code against filing a proof of claim on an unsecured, stale debt. Rather, the Bankruptcy Code states that such debts are allowed, unless objected to by any party interest, which clearly includes the trustee or the debtor, and should be disallowed if it is unenforceable under applicable law. 11 U.S.C. §§ 502(a) & (b). In effect, this reflects the law on a statute of limitations defense in that to avoid the debt on the basis of staleness, you must object to it/raise it or the defense is waived. To conclude otherwise would write this provision out of the Code, which is improper.

The Court also concludes that Donaldson has failed to state a claim under § 1692f that prohibits unfair and/or unconscionable means to collect a debt. What is unconscionable or unfair about a truthful statement that a debt is owed that is invited by, and the contents of which are known by, the debtor and his attorney? It is true that LVNV cannot file a lawsuit, but it is the law in Indiana that the debt is still owed. The statute of limitations does not extinguish the debt, it merely limits avenues of collection. Further, the debtor in bankruptcy is not without an easy, well-known remedy to avoid the stale debt – filing an objection under § 502(a). That Donaldson did not avail himself of this remedy is not a reason to allow him to proceed to collect what amounts to a sanction against LVNV under the FDCPA. Donaldson invited the proofs of claims by including the debts in his Bankruptcy petition; it is not unfair or unconscionable for LVNV to have accepted the invitation.

Further, a proof of claim is not like a letter from a debt collector directly to an unsophisticated consumer. It is a document created pursuant to statute and rule and filed in a forum with additional safeguards to protect consumers from actions by creditors as a whole, including an automatic stay of legal action, the appointment of a trustee, and representation by an attorney. Like the FDCPA, these measures protect the consumer from unfair practices. Moreover, with both a trustee and a lawyer looking out for the consumer in the bankruptcy context, the unsophisticated consumer standard has no real application. Rather, in such a circumstance, the competent lawyer standard should apply. According to the Seventh Circuit, "a representation that would be unlikely to deceive a competent lawyer, even if he is not a specialist in consumer debt law, should not be actionable." *Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 775 (7th Cir. 2007).

Here, Donaldson is represented by an attorney in his bankruptcy and a trustee has been appointed. *See*, *generally*, *Steven Donaldson*, Cause No. 13-08441-JMC-13 (Bankr. S.D. Ind.). Even if neither of those attorneys is a specialist in consumer debt law, which would be unlikely, a representation in a proof of claim on a stale debt is unlikely to deceive a competent lawyer – the debt both could be disallowed and discharged using the procedure for objecting to claims. There is no allegation that the reason the proofs of claims were not objected to in this case had anything to do with any deceptive information about the debts provided by LVNV; there is no dispute that the information on the proofs of claims mirrors that in Donaldson's bankruptcy schedules, which were prepared with his bankruptcy lawyer and attested to by Donaldson. If the consumer and the lawyer know the status of the debt at the outset, it is axiomatic that there is nothing deceptive about a proof of claim that merely reflects what is already known.

This Court is aware that other decisions in this District and in the Circuit, as well as the Eleventh Circuit, have concluded otherwise. The other cases in this District are distinguishable because in those cases, the debtor and/or the trustee on the debtor's behalf, had objected to the proofs of claims. *See Smith v. Asset Acceptance, LLC*, 510 B.R. 225, 226 (S.D. Ind. 2013); *Elliott v. Cavalry Investments LLC*, No. 1:14-cv-01066-JMS-TAB, 2015 WL 13375, at *2 (S.D. Ind. Jan. 9, 2015); *Patrick v. Pyod, LLC*, No. 1:14-cv-00539-RLY-TAB, 2014 WL 4100414, at *1 (S.D. Ind. Aug. 20, 2014). In *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254 (11th Cir. 2014), the debtor filed a counterclaim adversary proceeding against LVNV, which amounted to the same type of objection. *Crawford*, 758 F.3d at 1257. Further, the *Crawford* court applied the least sophisticated consumer standard to its facts. *Id.* at 1258-59. On the facts presented in present case,

this Court concludes that the Seventh Circuit would apply a different standard. Under the competent lawyer standard, this Court concludes that a factual proof of claim is not actionable under the FDCPA.

For all of these reasons, the Court concludes that Donaldson has failed to state a claim under the FDCPA and this action should be dismissed.

## IV. **CONCLUSION**

For the reasons stated herein, the Court **GRANTS** Defendant LVNV Funding, LCC's, Motion to Dismiss. The facts relied upon by the Court are undisputed; therefore, the decision of the Court is a matter of law and the dismissal is with prejudice. The Court will enter judgment accordingly.

IT IS SO ORDERED.

Date: 04/07/2015

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Jeanine R. Kerridge
BARNES & THORNBURG LLP
jeanine.kerridge@btlaw.com

Michael S. Poncin
MOSS & BARNETT
mike.poncin@lawmoss.com

C. Warren Nerz
NERZ WALTERMAN, P.C.
cwnerz@nerzwalterman.com

Kristin Elizabeth Nerz
NERZ WALTERMAN, P.C.
knerz@nerzwalterman.com